■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA RILEY, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 14, 1981, which modified the terms and conditions of defendant's probation upon which she had been placed after her plea of guilty of three counts of the crime of grand larceny in the second degree. As a result of the incidents which allegedly occurred during August and October, 1980 and January, 1981 wherein defendant stole the sum of $22,000 from her employer, defendant was indicted on three counts of grand larceny in the second degree, a class D felony (Penal Law, § 155.35). Subsequently, she

pleaded guilty to all three counts, and, pursuant to a plea bargain, received three concurrent terms of 60 days in the Albany County Jail and five years' probation. As a condition of her probation, she was directed to make full restitution of the funds she had misappropriated, and when it later developed that defendant was making, at best, only minimal efforts to make the ordered restitution, the terms of her probation were modified and made more specific by the court following a hearing on October 14, 1981. The modified terms of probation provided that defendant was to make a payment of $13,733.32 due January 1, 1982, weekly payments thereafter of $200 until January 1, 1983, and a final payment of $3,373, plus 6% interest on the total amount paid, due January 1, 1983. From this modification of the terms of her probation defendant now appeals. We hold that the challenged judgment should be affirmed. Clearly the court was authorized by statute to direct that restitution be made (Penal Law, § 65.10, subd 2, par [g]), and the record lacks persuasive evidence to support defendant's argument that the terms of her probation regarding the directed restitution were impossible for her to perform and harsh and excessive. Nothing in the record establishes the total amount of defendant's current income and assets, and the whereabouts of the misappropriated funds is unknown. Additionally, at the October 14, 1981 hearing there was some indication of an attempt by defendant to divert funds from her mother's estate so as to make those moneys unavailable for restitution payments, and in any event, there has as yet been no determination made that defendant has violated the terms and conditions of her probation (see CPL 410.70). Given these circumstances, a finding that the terms of defendant's probation are impossible for her to perform and are harsh and excessive would be unjustified and premature. Consequently, the judgment of County Court should not be disturbed. Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.