■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. MODJESKA, Appellant.—Levine, J. Appeal from a judgment of the County Court of Ulster County (Hanofee, J.), rendered March 2, 1989, which revoked defendant's probation and imposed a sentence of imprisonment.

In April 1987, defendant, an attorney, was charged in a 25-count indictment with the following crimes: forgery in the second degree (four counts), criminal possession of a forged instrument in the second degree (three counts), grand larceny in the second degree (four counts), grand larceny in the third degree (two counts), grand larceny in the fourth degree, petit larceny (five counts), perjury in the first degree, issuing a bad check (three counts) and scheme to defraud in the first degree (two counts). These charges arose in connection with defendant's law practice and all of the victims were, at one time, clients of defendant.

In October 1987, defendant entered guilty pleas to six felony counts in satisfaction of the entire indictment. At that time County Court informed defendant that it intended to impose a sentence of probation with the condition that full restitution be made to all persons defendant had defrauded. Thereafter, a restitution hearing was held and it was determined that defendant owed a total of $53,010 to his former clients.

In June 1988, defendant was sentenced to five years' probation on all six counts on the express condition that he make

full restitution, and County Court ordered defendant to begin making payments of $1,500 per month. At sentencing, it was evident that the court and the parties were aware that defendant's marital residence* was in the process of being sold. County Court directed defendant's attorney to submit a report concerning the sale of the property and indicated that defendant's restitution obligation was likely to be modified as a result of the sale.

Several weeks later, the marital residence was sold for $190,000. Although not part of the record, court conferences were held to determine defendant's equity interest in the proceeds from the sale of the real estate. County Court thereafter modified the terms of defendant's restitution and directed him to make a lump-sum payment of $39,900 by October 13, 1988. When defendant failed to make the ordered payment, a declaration of delinquency was filed alleging that defendant had violated the terms of his probation.

A violation hearing was held in November 1988. At this hearing defendant did not testify but sought to prove through other witnesses that he had no legal interest in the marital residence on the date of its sale and, therefore, did not benefit financially from the sale. Defendant claimed that he simply had no assets which would permit him to make the lump-sum payment ordered by the court and, therefore, he should not be found to have violated his probation. County Court, however, upheld the violation and resentenced defendant to an indeterminate term of 2 to 6 years' imprisonment. This appeal by defendant ensued.

On appeal defendant contends that County Court's restitution orders constituted an abuse of discretion and that the court erred in ruling that defendant violated his probation. We disagree. As to the original restitution order, defendant never objected to the terms of this order as being beyond his means, nor are we persuaded that the court abused its discretion by requiring defendant to pay $1,500 a month.

Defendant also contends that County Court erred in ordering a lump-sum payment following the sale of the marital residence and in finding him in violation of his probation for failing to comply with the modified order of restitution. At the violation hearing, the prosecution adduced evidence indicating that defendant conveyed his interest in the marital residence to his wife at the height of the criminal investigation into his

---

* In March 1987, defendant executed a deed transferring his interest in the property to his wife.

law practice and when his financial problems had become quite apparent. There was also uncontroverted proof that no consideration was paid by the wife and that defendant continued to reside in the house after the conveyance to his wife. The prosecution's evidence indicated that the July 1988 sale of the property to a third party resulted in a profit of over $56,000. In light of the foregoing evidence, County Court could properly disregard defendant's conveyance to his wife as a sham. Moreover, we do not believe that the modified restitution order was excessive *(see, People v Riley,* 89 AD2d 660). We also conclude that there was sufficient evidence to support the determination that defendant violated his probation *(see, People v McArdle,* 55 NY2d 639). We have considered the remaining points raised by defendant and find them to be either unpreserved or meritless.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.